1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR H. VILLANUEVA, | Case No.  1:11-cv-01050-SAB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| M. D. BITER, et al., | (ECF No. 1) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

## I.

## INTRODUCTION

Plaintiff, Oscar H. Villanueva is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint in this action on June 24, 2011.  (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims.  The Court also finds that Plaintiff's claims are unable to be cured by amendment and the complaint shall be dismissed without leave to amend.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

1   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2   "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

3   "seek[] monetary relief against a defendant who is immune from such relief."   28 U.S.C. §

4   1915(e)(2)(B).

5       A complaint must contain "a short and plain statement of the claim showing that the

6   pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

7   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

9   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

10  that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.

11  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

12      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

13  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

14  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

15  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

16  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

17  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

18  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

19  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

20  at 969.

21                              **III.**

22                    **PLAINTIFF'S COMPLAINT**

23      Plaintiff alleges that Defendants Biter and Lopez were responsible for the operations at

24  Kern Valley State Prison ("KVSP").  Plaintiff states that four years prior to KVSP opening, the

25  Environmental Protection Agency ordered a reduction in the maximum level of arsenic in

26  drinking water to ten parts per billion.  According to Plaintiff, KVSP opened in 2005 knowing

27

28

                                        2

that it had a serious environmental problem. (Compl. 3,[1] ECF No. 1.) Plaintiff contends that Defendants Biter knew of the environmental hazard and disregarded the substantial risk of harm due to a lack of drinkable water. (Id. at 3.)

Plaintiff alleges that Defendant Lopez was aware that there was arsenic in the drinking water, but did not attempt to correct the dangerous condition by providing emergency measures or an antidote for exposure to the poison. (Id. at 4.) Plaintiff states that he has health problems. (Id. at 3.) Plaintiff claims that the notice of December 20, 2010 is torture because he has been exposed to arsenic and cannot change his water consumption. (Id. at 4.)

## IV.

## DISCUSSION

Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

In order to hold the defendants liable for deliberate indifference to Plaintiff's conditions of confinement, Plaintiff must allege facts to indicate that the defendant knew an objectively serious condition existed and the defendant failed to take reasonable measures to abate the risk. Id. Plaintiff attaches as an exhibit to his complaint the December 20, 2010 notice that he states is

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1 torture.

2       This document is entitled "Important Information About Your Drinking Water". (ECF

3 No. 1 at 19.)  The notice states that the prison routinely monitors for the presence of drinking

4 water contaminants and, based upon data gathered from the wells over the previous four quarters,

5 the average for wells 1 and 2 is 0.015 mg/L and 0.019 mg/L respectively.  This is above the EPA

6 maximum contaminant level of 0.010 mg/L. (Id.)  The notice further states that it is not necessary

7 to use an alternative water supply and that some people who drink contaminated water over the

8 period of many years may experience skin damage or circulatory system problems or may have

9 an increased risk of cancer.  (Id.)  The notice states that KVSP is working with Facilities

10 Planning, Construction and Management to install an Arsenic Treatment System, and the problem

11 should be resolved by October 2011.  (Id.)

12       Plaintiff's exhibit demonstrates that, although the arsenic levels were out of compliance

13 with the EPA standards, they were not at a level associated with any acute health problems.[2]

14 Plaintiff's complaint fails to state a plausible claim that prison officials were aware that the

15 drinking water contained arsenic levels that would place prisoners at a substantial risk of serious

16 harm.  Arsenic levels that are in excess of the EPA standards would not presumptively violate the

17 Eighth Amendment.  Further, as the notice demonstrates, prison officials did respond to the

18 increased arsenic levels by working to install an Arsenic Treatment System.  Finally, Plaintiff's

19 allegation that he has health problems is not sufficient to show that he was at a risk of serious

20 harm from the temporary increase in arsenic levels.

21                                              **V.**

22                           **CONCLUSION AND ORDER**

23       Plaintiff's complaint fails to state a claim upon which relief may be granted under section

24 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely

25 given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if

26

27 [2] The Court is not required to accept as true allegations that contradict exhibits attached to the complaint, matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or

28 unreasonable inferences. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992 (9th Cir. 2010).

it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment.  This dismissal is subject to the "three-strikes" provision set forth  in 28 U.S.C. § 1915(g).  Silva v. Di Vittorio,  658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.


     Dated:   **August 23, 2013**

                                         _____
                                         UNITED STATES MAGISTRATE JUDGE