# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR H. VILLANUEVA,<br><br>  Plaintiff,<br><br>  v.<br><br>M. D. BITER, et al.,<br><br>  Defendants. | Case No. 1:11-cv-01050-SAB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 16) |

Plaintiff, Oscar H. Villanueva is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 23, 2013, Plaintiff's complaint was dismissed without leave to amend for failre to state a claim.  (ECF No. 14.)  On September 4, 2013, Plaintiff filed a motion for reconsideration.  (ECF No. 16.)

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time.  Id.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id.

1

Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

Plaintiff requests reconsideration because he disagrees with the screening order finding that his complaint failed to state a claim. Plaintiff has not shown newly discovered evidence, error, or an intervening change in controlling law. Although Plaintiff cites another case in which the court found that polluted drinking water was not a frivolous claim, in this instance, the documents attached to Plaintiff's complaints demonstrated that there was no danger due to the minimal increase in the arsenic levels and when discovered prison officials took action in response to the increase.

Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **September 6, 2013**

_____
UNITED STATES MAGISTRATE JUDGE