1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

10   **OSCAR H. VILLANUEVA,**          1:11-cv-1050-AWI-SAB

11                    Plaintiff,        **ORDER DENYING DEFENDANTS**
12          v.                          **MOTION TO DISMISS**

13   **M. D. BITER, Warden at Kern Valley**
     **State Prison; S. Lopez, Chief Medical**
14   **Executive at Kern Valley State Prison,**

15                    Defendants.
16   _____/

17                          **I. Introduction**

18        Plaintiff Oscar H. Villanueva, a state prisoner appearing *pro se*, proceeds on this civil

19   rights claim pursuant to 42 U.S.C. § 1983, alleging that Defendants M. D. Biter and S. Lopez

20   ("Defendants") have violated the Eighth Amendment by failing to act to remedy the arsenic-

21   contaminated water at Kern Valley State Prison ("KVSP"). Defendants have filed a motion to

22   dismiss, arguing that each is entitled to qualified immunity. The only question presented to this

23   Court is whether the right at issue was clearly established. For the following reasons, the

24   question presented is foreclosed by the mandate issued in the case. Defendants' motion to

25   dismiss will be denied.

26                          **II. Background**

27        In 2001, the Environmental Protection Agency ordered a reduction in the maximum level

28   of arsenic in drinking water from 50 parts per billion to 10 parts per billion. Compl. at 3.

According to Plaintiff, when KVSP opened in 2005, it was known that a serious arsenic exposure problem existed. *Id.* Plaintiff specifically contends that Defendants Biter and Lopes both knew about the risk posed by the arsenic level and disregarded that risk. *Id.* at 3-4.

On December 20, 2010, Defendant Biter notified all KVSP inmates of the status of the arsenic levels in the drinking water. Doc. 1 at 18. It was reported that the average for the two wells that service the prison had 15 parts per billion and 19 parts per billion, respectively. *Id.* The inmates were informed that the contamination level "is not an emergency," and that an alternative water supply was not necessary. *Id.* Inmates were further informed that KVSP was working to install an arsenic treatment system to completely resolve the problem. *Id.*

### III. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).

### IV. Discussion

The defense of qualified immunity protects "government officials...from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800,

818 (1982). At the 12(b)(6) phase, "dismissal is not appropriate unless [the court] can determine, based on the complaint itself [(or an material attached thereto or incorporated therein)], that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001).

The Supreme Court established a two-step inquiry for determining whether qualified immunity exists. First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz,* 533 U.S. 194, 201 (2001). If no constitutional right was violated under the facts as alleged, the inquiry ends and defendants prevail. *See id.* If, however, "a violation could be made out on a favorable view of the [plaintiff's complaint], the next, sequential step is to ask whether the right was clearly established." *Id.* at 201. A government official violates clearly established law when, "at the time of the challenged conduct, 'the contours of [the] right [were] sufficiently clear' that every 'reasonable official would have understood that what he [or she] [was] doing violate[d] that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

In this instance, the Court is only asked to consider the second step—whether the right at issue was clearly established. However, the Ninth Circuit has made clear in this case that water contamination issues that Plaintiff presented are "'sufficient to warrant ordering [defendants] to file an answer.'" Doc. 25 at 2 (quoting, *inter alia*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012) (holding that an inmate had alleged deliberate indifference to a serious medical need, requiring reversal of the Magistrate Judge's § 1915A screening decision)). The Ninth Circuit's reversal of the Magistrate Judge's § 1915A screening—applying the same standard as used for 12(b)(6) motions, *see Wilhelm,* 680 F.3d at 1121—does not leave room for Defendants to seek a determination that entitlement to qualified immunity is clear from the face of the complaint. *See Chavez v. Robinson*, 817 F.3d 1162, 1168-1169 (9th Cir. 2016) (Section 1915A "allow[s] a court to dismiss sua sponte a prisoner complaint that 'seeks redress from [an] … employee of a governmental entity' on the grounds of [qualified] immunity.")) The Ninth Circuit noted that it reviewed the Magistrate Judge's screening order de novo. Doc. 25 at 2. It was permitted to

3

"affirm on any basis supported by the record." *Valdez v. United States*, --- Fed.Appx. ---- 2016 WL 3144005, *1 (9th Cir. June 6, 2016); *Columbia Pictures Indus. v. Fung,* 710 F.3d 1020, 1030 (9th Cir. 2013). Yet, the Ninth Circuit decided that the Magistrate Judge's determination should be reversed and the Defendants should be required "to file an answer." Doc. 25 at 2. That reversal is inconsistent with qualified immunity being evident from the face of the complaint.[1] The rule of mandate does not allow this Court to revisit any determination clearly foreclosed by that mandate. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012); *accord Stacy v. Colvin*, ---F.3d ----, 2016 WL 3165597,*3 (9th Cir. June 7, 2016). This Court may only execute the Ninth Circuit's mandate. *Id*. In this case, a conclusion that qualified immunity is clear from the face of the complaint is clearly foreclosed by mandate.[2]

Defendants ask the Court to take judicial notice of a "Groundwater Information Sheet" made publicly available by the State Water Resources Control Board.[3] *See* Doc. 33-2 ("RJN"). The Court "may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court may take "judicial notice of records of state agencies and other undisputed matters of public record." *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (citing, *inter alia*, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). The State Water Resources Control Board's arsenic groundwater information sheet is appropriately judicially noticed. That said, the only fact contained in that report the Defendants direct the Court to is "1,034 of [the 7,804] active wells tested in California" (139 of which were located in Kern County) are contaminated with arsenic. Doc. 33-1 at 9; RJN at 6. Defendants ignore the remainder of that report, detailing that "[a]rsenic is a known human carcinogen, and ingestion of arsenic has been reported to increase the risk of cancer in the liver, bladder, kidney, lung and skin," and that "the lifetime risk of developing bladder or lung cancer from arsenic in tap water (assuming 2 liters consumption per day) is

---

[1] Granting Defendants' Rule 12(b) motion is also inconsistent with requiring Defendants to file an answer.
[2] This order should not be read to speak to whether Defendants could succeed in asserting qualified immunity in a motion for summary judgment.
[3] Available at http://www.waterboards.ca.gov/water_issues/programs/gama/docs/coc_arsenic.pdf, last accessed July 14, 2016.

greater than 3 in 1,000 for an arsenic level of 10 μg/L." RJN at 10. Defendants' suggestions the Court could conclude from the arsenic groundwater information sheet that Defendants were unaware of a serious risk of harm or that no such risk existed are unavailing. Insofar as this Court could depart from the Ninth Circuit's order based on information presented that was not before the Ninth Circuit, it is not justified here. Defendants' motion will be denied on that basis.

**V. Order**

Based on the foregoing, Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated:   __July 15, 2016__                    _____

                                             SENIOR  DISTRICT  JUDGE